## Commonwealth v. Israel et al.

*Criminal law—Liquor laws—Possession for sale of stills.*

1. The mere manufacture and possession for sale of utensils and contrivances commonly called stills is not a violation of the Act of March 27, 1923, P. L. 34.

2. It must be shown that such articles were intended to be used for an unlawful purpose, and not merely that they could be so used.

Trial by judge without jury. Q. S. Luzerne Co., April T., 1927, No. 131.

*Thomas Bulkiewicz,* Assistant District Attorney, for Commonwealth.

*J. E. Fleitz* and *F. P. Slattery,* for defendants.

FULLER, P. J., March 31, 1927.—On the trial, we entered *non pros.* against the defendant Klugman, leaving the indictment to stand against the other defendant, Israel.

It is framed upon section 5 of our Enforcement Act of March 27, 1923, P. L. 34, and charges in two counts: (1) Manufacture, (2) possession for sale, of "utensils and contrivances, commonly called stills, designed and intended for use in the unlawful manufacturing of intoxicating liquor."

The essence of the crime is the intended use for the unlawful purpose, and the Commonwealth relies for conviction entirely upon the circumstance that the utensils and contrivances manufactured and possessed for sale by defendant could be used for the unlawful purpose with which the general mind commonly connects them.

This is not enough. They could be used for many lawful purposes as well. By the same token, the intention to commit murder might be imputed to the manufacturer of firearms.

Defendants' manufactory has been in operation twenty years. It manufactures solely for wholesale, and not for retail trade. It occupies a large and conspicuous building on one of our most-traveled streets.

These utensils and contrivances compose only a small percentage of its product. They are a standard article in the market, openly advertised by other manufacturers. The manufactory has been open to free visitation at all times. In all its existence, pre-Volstead and post-Volstead, it has never before been molested by the agencies of enforcement.

On construction of the same provision in the Volstead Act, the Federal decisions reported in 282 Fed. Repr. 575, and 288 Fed. Repr. 982, fully sustain our conclusion and verdict, not guilty, county to pay costs.